UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**ROBERT ALLEN WAYNE PEDIGO**                                                        **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 5:17-CV-P199-GNS**

**FULTON COUNTY JAIL**                                                                 **DEFENDANT**

### **MEMORANDUM OPINION**

Plaintiff, Robert Allen Wayne Pedigo, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### **I. SUMMARY OF CLAIMS**

Plaintiff is an inmate at the Fulton County Jail, which is the only named Defendant in this action. First, Plaintiff alleges that his rights have been violated because the Fulton County Jail uses a kiosk and only allows two grievances per month.

Plaintiff next alleges that he "was moved cells because I was afraid for my life and I was placed in another cell and as soon as they put me there I was jumped beaten up and drug across the floor by other inmates after I was nocked unconscious." He states that when the guards arrived, they locked him in isolation for five days.

Plaintiff further alleges that in November 2017 he was transported by a homosexual male officer who ran his hand across the "crotch" of his pants in what Plaintiff believes to have been a sexual advance. He states that he filed two complaints on the officer. He alleges that the officer handling the complaint was very disrespectful to him; made him feel like a liar; and was mean to

him. He also alleges that his "sexual complaint was not properly investigated by an outside agency" like it is supposed to be.

Plaintiff asks for monetary and punitive damages.

## II. <u>ANALYSIS</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Fulton County Jail is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959 at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Fulton

County that is the proper defendant in this case. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, Fulton County is a "person" for purposes of § 1983. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). The Court will therefore construe the claims against the Fulton County Jail as brought against Fulton County.

When a § 1983 claim is made against a municipality, like Fulton County, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th

Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987), overruled on other grounds by *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Here, Plaintiff has not identified a policy or custom that was the moving force behind his allegations related to having been beaten, the sexual advance, the investigating officer's behavior, or the failure to properly investigate his sexual complaint. Thus, these claims against Fulton County fail to state a claim and must be dismissed.

The only claim about which Plaintiff has identified a policy or custom involves the Fulton County Jail's grievance system. He states that it is run out of a kiosk and that prisoners are limited to two grievances per month. However, "there is no constitutionally protected due process right to unfettered access to prison grievance procedures." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam). Therefore, Plaintiff's complaints about the Fulton County Jail's grievance procedure must be dismissed for failure to state a claim as well.

Additionally, there is no need to provide Plaintiff with an opportunity to amend to name specific individuals as Defendants because none of Plaintiff's allegations rises to the level of a constitutional violation.

Plaintiff alleges that he was beaten up after he was moved to another cell. An Eighth Amendment violation "may occur when prison guards fail to protect one inmate from an attack by another." *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990). However, in order to support an action under § 1983, Plaintiff must establish something more than a lack of ordinary due care, inadvertence, or error. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986). Nothing in Plaintiff's complaint indicates that Defendants were aware of a risk to Plaintiff in his new cell, and, in fact, his complaint reveals that he was moved to protect his safety. Thus, Plaintiff's allegations do not support a claim for failure to protect under the Eighth Amendment.

Plaintiff allegation that he was moved to segregation for five days after the attack on him also does not state a constitutional claim. "'Because placement in segregation is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment Claim.'" *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (quoting *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003)). Moreover, it appears likely that moving Plaintiff to segregation was an effort to protect him from another attack by other inmates and not as a punishment.

Nor does Plaintiff's claim that an officer whom he believed was homosexual inappropriately touched him rise to the level of a constitutional claim. "Minor, isolated incidents of touching . . . do not rise to the level of an Eighth Amendment violation." *Solomon v. Mich. Dep't of Corr.*, 478 F. App'x 318, 320 (6th Cir. 2012) (per curiam); *see also Jackson v. Madery*, 158 F. App'x 656, 661-62 (6th Cir. 2005) (per curiam) (holding that allegation of rubbing and grabbing of prisoner's buttocks in a degrading manner did not amount to an Eighth Amendment violation).

Plaintiff also alleges that the officer investigating the alleged sexual advance was disrespectful and mean to him. However, the Sixth Circuit has held that harassing or degrading language by a prison official does not amount to a constitutional tort. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim.").

Finally, Plaintiff's allegation that his "sexual complaint was not properly investigated by an outside agency" also does not state a § 1983 claim. A private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime. *See, e.g.*, *Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992) ("A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act.").

### III. CONCLUSION

For the foregoing reasons, by separate Order, the Court will dismiss this action.

Date: March 30, 2018

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendant
    Fulton County Attorney
4416.009